UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DURA-CAST PRODUCTS, INC.,

      Plaintiff,

v.                                         Case No.  8:10-cv-1387-T-24 AEP

ROTONICS MANUFACTURING, INC.
and SHERMAN McKINNISS,

      Defendants.
_____/

**ORDER**

      This cause comes before the Court on Defendant Rotonics Manufacturing, Inc.'s ("Rotonics") Motion to Stay Remand Order. (Doc. No. 24). Plaintiff opposes the motion. (Doc. No. 27).

**I.  Background**

      Plaintiff filed suit against Rotonics in state court, asserting fraud and contract claims. Rotonics removed the case to this Court based on diversity jurisdiction, and Plaintiff filed a motion to remand based on a forum selection clause ("FSC") in the parties' contract. The FSC provided that "[t]he courts of the state of Florida shall have sole and exclusive jurisdiction of all disputes arising with respect to this Agreement or any other matter among the parties hereto." (Doc. No. 2, Ex. A, ¶ 17.0). The parties dispute whether the FSC designates Florida state courts or all courts located in Florida as the exclusive forum for their litigation.

      On August 5, 2010, this Court concluded that the FSC designates Florida state courts as the exclusive forum for the parties' litigation after making the following findings: (1) the FSC is mandatory, because it designates the sole and exclusive forum for the litigation between the

parties–"courts of the state of Florida;" (2) the description of the designated forum is ambiguous, because it is unclear whether the designated forum is Florida state courts or all courts located in Florida; (3) the FSC was jointly drafted; (4) there was no indication regarding the parties' intended meaning of the ambiguous phrase "courts of the state of Florida;" and (5) other courts that have considered similar language have concluded that when an FSC identifies the designated forum as courts "of" a specific state, the designated forum is state court (and not all courts located within the state).  (Doc. No. 23).  As such, this Court granted Plaintiff's motion to remand, and the Clerk remanded the case.

On August 17, 2010, Defendant filed the instant motion to stay the remand order pending appeal.  On August 20, 2010, Rotonics filed its Notice of Appeal of this Court's remand order.

## II.  Motion to Stay

In order to obtain a stay pending appeal, the movant must show four things: (1) a likelihood of success on the merits of the appeal; (2) irreparable injury if the stay is not granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest.  See U.S. v. 2 Parcels of Real Property Consisting of 30 Acres, 2010 WL 2836596, at *1 (S.D. Ala. 2010)(citations omitted).  The first factor–likelihood of success on the merits of the appeal–is ordinarily the most important factor in the analysis, and as such, the movant must show, at a minimum, a substantial case the merits.  See id. at *2.

Rotonics contends that it will likely succeed on its appeal.  In support of this contention, Rotonics sets forth three reasons why it believes that this Court's remand order will likely be reversed on appeal: (1) the remand order is inconsistent with case law within the Eleventh Circuit; (2) this Court erroneously considered non-Florida case law when interpreting the

ambiguous language in the FSC; and (3) this Court failed to address the issue of whether Rotonics agreed in the FSC to waive its right to remove.  However, as explained below, the Court rejects these arguments and finds that Rotonics has not shown that it will likely prevail on appeal.

### A.  Case Law Within the Eleventh Circuit

Rotonics argues that this Court's remand order is inconsistent with case law within the Eleventh Circuit.  The Court, however, believes that Rotonics misconstrues the case law that it relies on and misunderstands the difference between a permissive FSC and an ambiguous FSC.

There are two types of FSCs–permissive and mandatory.  See Global Satellite Communication Co. v. Starmill U.K. Limited, 378 F.3d 1269, 1272 (11th Cir. 2004).  A mandatory FSC designates the exclusive forum for future litigation between the parties.  See id. (citation omitted).  A permissive FSC designates a particular forum where the parties agree future litigation may be brought, but it does not prevent the parties from initiating future litigation in a different forum.  See id.

If the FSC simply states that the parties "consent" to jurisdiction in a particular forum, or if it states that the parties agree that litigation "may" be brought in a particular forum, the FSC is permissive.  The parties must do more than merely consent to jurisdiction in a particular forum in order for the FSC to be interpreted as mandatory; instead, the parties must use language that clearly expresses the exclusivity of the designated forum.[1]

_____

[1]Generally, permissive FSCs arise in two situations: (1) the language used in the FSC fails to indicate exclusivity of the designated forum, or (2) the language used in the FSC is ambiguous regarding the exclusivity of the designated forum, the non-drafting party argues that the FSC is permissive (i.e., that the designated forum is not the exclusive forum for litigation), and the court construes the ambiguous language regarding exclusivity against the drafter.

Rotonics correctly argues that the FSC in the instant case contains ambiguous language, as the Eleventh Circuit has concluded that the phrase "the courts of the State of Florida" is ambiguous.  See Stateline Power Corp. v. Kremer, 148 Fed. Appx. 770, 771 (11th Cir. 2005). However, Rotonics appears to confuse FSCs that contain ambiguous language with permissive FSCs, arguing that if an FSC contains ambiguous language, then the FSC is deemed to be permissive.  While there are cases where the FSC contains ambiguous language *regarding the exclusivity of the designated forum* and the courts have found the FSC to be permissive, the courts have done so because *they construed the ambiguous language regarding exclusivity against the drafter*.  See, e.g, Citro Florida, Inc. v. Citrovale, S.A., 760 F.2d 1231, 1232 (11th Cir. 1985)(finding the FSC to be permissive after concluding that the phrase "the place of jurisdiction is Sao Paulo/Brazil" was ambiguous regarding whether Brazil was the exclusive forum, and then interpreting the ambiguity regarding exclusivity against the drafter of the FSC).  However, Rotonics' reliance on cases that analyze FSCs that contain ambiguous language regarding the exclusivity of the designated forum is misplaced, because (1) the FSC in the instant case was jointly drafted (and thus, it is not possible to construe the ambiguous language against the drafter), and (2) the ambiguous language in the FSC relates to the *identification* of the designated forum (not to the *exclusivity* of the designated forum).

Similarly, Rotonics' reliance on Stateline Power and Global Satellite is misplaced.  While both Stateline Power and Global Satellite involved FSCs with an ambiguity regarding the identification of the designated forum (as does the instant case), the courts in Stateline Power and Global Satellite resolved the ambiguity by construing the ambiguity against the drafting party.  See Stateline Power, 148 Fed. Appx. at 771; Global Satellite, 378 F.3d at 1274.  Since the

4

FSC was jointly drafted in the instant case, neither <u>Stateline Power</u> nor <u>Global Satellite</u> help this Court to interpret the ambiguous language in the parties' FSC.

### B.  Non-Florida Case Law

The contract containing the FSC in the instant case provides that the contract shall be "construed in accordance with the laws of the State of Florida."  (Doc. No. 2, Ex. A, ¶ 17.0).  However, neither party has directed this Court to relevant Florida case law regarding how to interpret a jointly drafted, mandatory FSC when the FSC contains ambiguous language regarding the identification of the designated forum.  Therefore, this Court was left to make an educated guess regarding how to construe the ambiguous FSC in accordance with Florida case law.  In attempting to reach the correct interpretation of the ambiguous language, this Court considered how other courts have analyzed similar ambiguous language in FSCs (since this Court believes that Florida courts would consider how other courts have ruled if faced with this issue).  Since the overwhelming case law outside of Florida construed similar ambiguous language in an FSC as designating state courts (as opposed to both state and federal courts located within the state), this Court reasoned that Florida courts would decide the issue the same way.

### C.  Waiver of Right to Remove

Rotonics argues that in the remand order, this Court failed to address the issue of whether Rotonics agreed in the FSC to waive its right to remove the case to federal court.  However, the Court construed the parties' mandatory FSC as providing that Florida state courts were the sole and exclusive forum for the parties' litigation.  Since the parties designated Florida state courts as the sole and exclusive forum, Rotonics' waiver of its right to remove the case to federal court is implied by the mandatory language in the FSC.

### III.  Conclusion

As explained above, neither party has directed this Court to relevant Florida case law regarding how to interpret a jointly drafted, mandatory FSC when the FSC contains ambiguous language regarding the identification of the designated forum.  Given the lack of relevant case law on the issue, Rotonics cannot show that it is likely to prevail on appeal.  Furthermore, the Court finds that Rotonics has not shown that it will be irreparably harmed if the stay is not granted.  As such, the Court finds that a stay of the remand order pending appeal is not warranted.

Accordingly, it is ORDERED AND ADJUDGED that Rotonics' Motion to Stay Remand Order (Doc. No. 24) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of September, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record